UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **ANSCHUTZ ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-1576 |
| | ) | |
| **KLANCE STAGING, INC.,** | ) | |
| | ) | |
| SERVE: | ) | |
|   Registered Agent | ) | |
|   Linn J. Vogt | ) | |
|   1375 Jefferson St. | ) | |
|   Pacific, MO 63069 | ) | |
| | ) | |
| **DIGITAL SOUND SYSTEMS, INC.,** | ) | |
| | ) | |
| SERVE: | ) | |
|   Jeremy G. Dixon | ) | |
|   15408 W. 155th Terrace | ) | |
|   Olathe, KS 66062 | ) | |
| | ) | |
| **ST. PAUL FIRE AND MARINE INSURANCE COMPANY**, | ) | |
| | ) | |
| SERVE: | ) | |
|   Director, Missouri Department of Insurance | ) | |
|   301 W. High Street, Room 530 | ) | |
|   Jefferson City, Missouri 65101 | ) | |
| | ) | |
| **TORUS SPECIALTY INSURANCE CO.,** | ) | |
| | ) | |
| SERVE: | ) | |
|   Director, Missouri Department of Insurance | ) | |
|   301 W. High Street, Room 530 | ) | |
|   Jefferson City, Missouri 65101 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Anschutz Entertainment Group, Inc., by and through undersigned counsel, and states as follows for its Complaint against Klance Staging, Inc.; Digital Sound Systems, Inc.; St. Paul Fire and Marine Insurance Company; and Torus Specialty Insurance Co.

## The Parties

1.      Plaintiff Anschutz Entertainment Group, Inc. ("AEG Inc.") is a corporation duly organized and existing under the laws of the State of Colorado, with its principal place of business in the State of California.

2.      Defendant Klance Staging, Inc. ("Klance") is a corporation organized under the laws of the State of Missouri with its principal place of business in Pacific, Missouri.  It is a wholly owned subsidiary of non-party Summit Staging, Inc. ("Summit").

3.      Defendant Digital Sound Systems, Inc. ("DSS") is a corporation organized under the laws of the State of Kansas with its principal place of business in Lenexa, Kansas.

4.      Defendant St. Paul Fire and Marine Insurance Company ("Travelers") is an insurance company organized and existing under the law of the State of Minnesota, with its principal place of business in Hartford, Connecticut.  It issues policies in Missouri, has agents in Missouri, insures Missouri property, companies, and individuals, and it does substantial business in Missouri.

5.      Defendant Torus Specialty Insurance Co. ("Torus") is an insurance company organized and existing under the law of the State of Delaware, with its principal place of business in New Jersey.  It issues policies in Missouri, has agents in Missouri, insures Missouri property, companies, and individuals, and it does substantial business in Missouri.

2

6.      Non-party AEG Live Productions, LLC ("AEG Live Productions") is a live concert and event producer, promoter and operator.  Non-party AEG Live, LLC, is the parent corporation for AEG Live Productions and Plaintiff AEG Inc. is the parent corporation for AEG Live, LLC.

7.      At all times relevant herein, AEG Inc. employed Erik Barker.

8.      At all times relevant herein, AEG Live, LLC, employed Joseph Litvag.

9.      Klance is in the business of providing staging equipment and staging services.

10.     DSS is in the business of providing audio, lighting, entrance structure and camera equipment and production services.

## Jurisdiction and Venue

11.     This action arises under 28 U.S.C. §§ 2201-02 and principles of contract law.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

12.     Klance is subject to personal jurisdiction in this District because it is a Missouri corporation, the contract at issue in this case was entered into and executed within this judicial district, and it engages in systematic and regular business in this District.

13.     DSS is subject to personal jurisdiction in this District because the contract at issue in this case was entered into and executed within this judicial district.

14.     Travelers is subject to personal jurisdiction in this District because it does business in this District and further insures persons, property, and risks located within this District.

15.     Torus is subject to personal jurisdiction in this District because it does business in this District and further insures persons, property, and risks located within this District.

16.     Venue for this action is proper pursuant to 28 U.S.C. § 1391(a) and (c) in that the contracts at issue in this suit were entered into and executed within this judicial district.

### The Klance Agreement for Services

17.     In an Agreement for Services dated on or about March 4, 2011, AEG Live Productions contracted with Klance to provide certain services and equipment at a music festival known as Rockfest, which was to take place in Kansas City, Missouri, on May 14, 2011.  A copy of said Agreement for Services (hereinafter referred to as the "Klance Agreement for Services") is attached hereto as Exhibit A and is incorporated herein by reference.

18.     The Klance Agreement for Services was in full force and effect on and prior to May 13, 2011.

19.     In Paragraph 5 of the Klance Agreement for Services, Klance agreed to indemnify and defend AEG Live Productions and all affiliates and related entities as follows:

> **INDEMNIFICATION.**  [Klance] agrees to indemnify, defend and forever save and hold harmless Producers, their respective affiliates or related entities, and each of their respective principals, shareholders, members, partners, officers, directors, employees, representatives, tenants, agents, contractors and volunteers (sometimes collectively referred to herein as the "Indemnitees" and individually as an "Indemnitee"), from and against any and all damages, claims, losses, demands, costs, expenses (including attorneys, fees and costs), obligations, liens, liabilities, actions and causes of action, threatened or actual, which any one of the Indemnitees may suffer or incur arising directly or indirectly out of or in connection with the performance of the Services or the failure of [Klance] to perform the Services in accordance with the terms of this Agreement, except to the extent arising from the negligence or willful misconduct of [AEG Live Productions].

20.     In Paragraph 6 of the Klance Agreement for Services, Klance agreed to procure policies of insurance naming AEG Live Productions, AEG Inc., and each of their respective

4

parent companies, subsidiaries, their officers, directors, representatives, employees, and

subcontractors, as additional insureds.  The Klance Agreement for Services provided that said

insurance should include a commercial general liability policy with limits not less than

$2,000,000 per occurrence and $5,000,000 in the aggregate.

> 21.     Specifically, Paragraph 6 of the Klance Agreement for Services states as follows:

> **INSURANCE.**  Without in any way limiting or altering the indemnification
> requirements of [Klance] under or pursuant to this Agreement, [Klance] shall,
> at its sole expense, procure and at all times maintain during the term of this
> Agreement all of the following insurance: (a) Commercial general liability
> insurance with a limit of not less than $2,000,000 per each occurrence and
> $5,000,000 in the aggregate…. The insurance required hereunder shall be
> considered primary insurance and all insurance carried by AEG and
> Producers, their agents, employees, and the parties for which they are
> operating, shall be considered secondary in relation thereto.  Concurrently
> with the execution of this Agreement and at such other times as reasonably
> requested by AEG, [Klance] shall deliver to AEG certificate of insurance
> confirming the existence of the insurance required by this Agreement and
> which shall name AEG, AEG Live LLC; Anschutz Entertainment Group, Inc.,
> AEG Live Productions, LLC, Entercom Kansas City, LLC, KQRC, the City of
> Kansas City, Missouri, the Kansas City, Missouri Parks and Recreation
> Department, Liberty Memorial Association, and each of their respective
> parent companies, subsidiaries, affiliates, officers, directors, representatives,
> employees, subcontractors, and any other party reasonably designated by
> AEG as additional insureds thereunder.

> 22.     Paragraph 16 of the Klance Agreement for Services states as follows:

> **CHOICE OF LAW.**  The validity, interpretation, construction and
> enforcement of this Agreement shall be governed and controlled by the laws
> of the State of California, without regard to that State's rules with respect to
> choice of law.

> 23.     AEG Live Productions has performed all of its obligations under the Klance

Agreement for Services.

> 24.     Attached hereto as Exhibit B is a true and correct copy of a commercial general

liability insurance policy issued by Travelers and procured by Klance (hereinafter the "Klance

CGL Policy").

5

25.     The limits of coverage for the Klance CGL policy are $1,000,000 as the "each event limit" and $2,000,000 as the "general total limit."  (Exhibit B, p. Klance 397; *See also* Certificate of Insurance attached hereto as Exhibit E).

26.     The Klance CGL policy defines the "each event limit" as the most the insurance company will "pay for all covered bodily injury, property damage, and medical expenses that result from any one event."  (Exhibit B, p. Klance 408).

27.     The Klance CGL policy defines the "general total limit" as "the most [the insurance company] will pay for the combined total of all covered bodily injury and property damage that happens in a policy year; all covered personal injury that's caused by all personal injury offenses committed in a policy year; all covered advertising injury that's caused by all advertising injury offenses committed in a policy year; and all covered medical expenses that result from all events that happen in a policy year."  (Exhibit B, p. Klance 406).

28.     Klance did not procure any additional commercial general liability insurance with AEG Inc. as an additional insured.

29.     Attached hereto as Exhibit C is a true and correct copy of an excess liability insurance policy issued by Torus and procured by Summit, parent company to Klance (hereinafter the "Klance Excess Policy").

30.     The Klance Excess Policy has an each occurrence limit of $5,000,000 and an aggregate limit of $5,000,000.  (Exhibit C, Policy Declarations page).

### The DSS Agreement for Services

31.     In an Agreement for Services dated on or about April 27, 2011, AEG Live Production contracted with DSS to provide certain services and equipment at the Rockfest music festival in Kansas City, Missouri, on May 14, 2011.  A copy of said Agreement for Services

(hereinafter referred to as the "DSS Agreement for Services") is attached hereto as Exhibit D and

is incorporated herein by reference.

32.    The DSS Agreement for Services was in full force and effect on and prior to May

13, 2011.

33.    In Paragraph 5 of the DSS Agreement for Services, DSS agreed to indemnify and

defend AEG Live Productions and all affiliates and related entities as follows:

> **INDEMNIFICATION.**  [DSS] agrees to indemnify, defend and forever save
> and hold harmless Producers, their respective affiliates or related entities, and
> each of their respective principals, shareholders, members, partners, officers,
> directors, employees, representatives, tenants, agents, contractors and
> volunteers (sometimes collectively referred to herein as the "<u>Indemnitees</u>" and
> individually as an "<u>Indemnitee</u>"), from and against any and all damages,
> claims, losses, demands, costs, expenses (including attorneys, fees and costs),
> obligations, liens, liabilities, actions and causes of action, threatened or actual,
> which any one of the Indemnitees may suffer or incur arising directly or
> indirectly out of or in connection with the performance of the Services or the
> failure of [DSS] to perform the Services in accordance with the terms of this
> Agreement, except to the extent arising from the negligence or willful
> misconduct of [AEG Live Productions].

34.    In Paragraph 6 of the DSS Agreement for Services, DSS agreed to procure

policies of insurance naming AEG Live Productions, AEG Inc., and each of their respective

parent companies, subsidiaries, and their officers, directors, representatives, employees, and

subcontractors as additional insureds.  The DSS Agreement for Services provided that said

insurance should include a commercial general liability policy with limits not less than

$2,000,000 per occurrence and $5,000,000 in the aggregate.

35.    Specifically, Paragraph 6 of the DSS Agreement for Services states as follows:

> **INSURANCE.**  Without in any way limiting or altering the indemnification
> requirements of [DSS] under or pursuant to this Agreement, [DSS] shall, at its
> sole expense, procure and at all times maintain during the term of this
> Agreement all of the following insurance: (a) Commercial general liability
> insurance with a limit of not less than $2,000,000 per each occurrence and
> $5,000,000 in the aggregate….  The insurance required hereunder shall be

7

considered primary insurance and all insurance carried by AEG and Producers, their agents, employees, and the parties for which they are operating, shall be considered secondary in relation thereto.  Concurrently with the execution of this Agreement and at such other times as reasonably requested by AEG, [DSS] shall deliver to AEG certificate of insurance confirming the existence of the insurance required by this Agreement and which shall name AEG, AEG Live LLC; Anschutz Entertainment Group, Inc., AEG Live Productions, LLC, Entercom Kansas City, LLC, KQRC, the City of Kansas City, Missouri, the Kansas City, Missouri Parks and Recreation Department, Liberty Memorial Association, and each of their respective parent companies, subsidiaries, affiliates, officers, directors, representatives, employees, subcontractors, and any other party reasonably designated by AEG as additional insureds thereunder.

36.     Paragraph 16 of the DSS Agreement for Services states as follows:

**CHOICE OF LAW.**  The validity, interpretation, construction and enforcement of this Agreement shall be governed and controlled by the laws of the State of California, without regard to that State's rules with respect to choice of law.

37.     AEG Live Productions has performed all of its obligations under the DSS Agreement for Services.

38.     Upon information and belief, Travelers issued a commercial general liability insurance procured by DSS (hereinafter the "DSS CGL Policy").

39.     Upon information and belief, the limits of coverage for the DSS CGL policy are $2,000,000 as the "each occurrence" and $2,000,000 as the "general aggregate."  (*See* Certificate of Insurance attached hereto as Exhibit F).

40.     Upon information and belief, DSS did not procure any additional commercial general liability insurance with AEG Inc. as an additional insured.

41.     Upon information and belief, Travelers issued an excess liability Policy procured by DSS (hereinafter the "DSS Excess Policy").

42.     Upon information and belief, the DSS Excess Policy has an each occurrence limit of $4,000,000 and an aggregate limit of $4,000,000.  (Exhibit F).

### The Underlying Muncrief Lawsuit

43.     On or about September 26, 2011, Jeanette Muncrief, Ashley Muncrief, and Heather Morris (the "Muncrief Plaintiffs") filed a wrongful death suit against Klance and Joseph Litvag in the Jackson County Circuit Court, adding AEG Inc., Erik Barker, and others with the filing of their First Amended Petition (the "Muncrief lawsuit").  A copy of the First Amended Petition is attached hereto as Exhibit G.

44.     The Muncrief lawsuit alleges that on May 13, 2011, Lon Muncrief was a stagehand who was working on the construction for the stage at Rockfest 2011.

45.     The Muncrief Plaintiffs further allege that the negligence and wrongful acts of AEG Inc., its employee Erik Barker, and AEG Live's employee Joseph Litvag, among others, directly and proximately caused Lon Muncrief's death.  AEG Inc., Erik Barker, and Joseph Litvag have denied and continue to deny these allegations.

46.     Klance filed a third-party petition against certain DSS employees for indemnity and/or contribution and negligence.

47.     On behalf of itself and Barker and Litvag, AEG Inc. had demanded Klance and its insurers defend and indemnify it in the Muncrief lawsuit.

48.     Travelers, as Klance's commercial general liability insurance carrier, previously agreed to provide a defense to AEG Inc., Barker and Litvag, under a reservation of rights and has refused to withdraw its reservation despite a request to do so.

49.     Torus, as Klance's excess insurance carrier, has failed to respond to AEG Inc.'s demand for defense and indemnity.

50.     As part of the underlying Muncrief lawsuit, Klance has asserted it complied with Paragraph 6 of the Agreement for Services by securing the Klance CGL Policy and the Klance Excess Policy as described above.

51.     On behalf of itself and Barker and Litvag, AEG Inc. had demanded DSS and its insurers defend and indemnify it in the Muncrief lawsuit.

52.     DSS has asserted it owes no defense or indemnity to AEG Inc. and/or Barker or Litvag.

53.     Travelers, as DSS's commercial general liability insurance and excess insurance carrier, has failed to respond to AEG Inc.'s demand for defense and indemnity.

<u>Count I</u>
**<u>(Declaratory Judgment Against Klance Regarding Obligation to Defend and Indemnify)</u>**

54.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 54.

55.     The Klance Agreement for Services provides Klance must defend and indemnify AEG Live Productions, its partners and affiliates, and their respective agents, representatives and employees "from and against any and all damages, claims, losses, demands, costs, expenses (including attorneys, fees (sic) and costs), obligations, liens, liabilities, actions and causes of action…arising directly or indirectly out of or in connection with the performance of the Services or the failure of [Klance] to perform the Services in accordance with the terms of this Agreement…"  (Exhibit A, ¶5).

56.     Upon information and belief, at the time of the accident at issue in the Muncrief lawsuit, Lon Muncrief was working to install pull points to be used to hoist DSS lighting equipment into positions directed and dictated by Klance.

57.     Thus, the injuries alleged in the Muncrief lawsuit, and any damages, losses, costs, fees and expenses incurred by AEG Inc. with regard thereto, arose out of or in connection with Klance's performance of the Services under the Klance Agreement for Services.

58.     Klance has denied that at the time of the accident at issue, Lon Muncrief was working directly or indirectly in furtherance of Klance's performance of the Klance Agreement for Services.

59.     Plaintiff AEG Inc., as an affiliated and related entity to AEG Live Productions, is a third-party beneficiary to the Klance Agreement for Services and is entitled to defense and indemnity in the Muncrief lawsuit pursuant to Paragraph 5 of the Klance Agreement for Services.

60.     AEG Inc. as a third-party beneficiary to the Klance Agreement for Services, on behalf of itself and its parent companies, subsidiaries, affiliates and employees, including Barker and Litvag, has demanded Klance defend and indemnify AEG Inc., Barker and Litvag for the Muncrief lawsuit.

61.     Klance has failed and refused AEG Inc.'s demands for defense and indemnity, free from a reservation of rights, on behalf of itself and its parent companies, subsidiaries, affiliates and employees, including Barker and Litvag, with respect to the Muncrief lawsuit.

62.     As a result of Klance's refusal to a abide by the terms of Paragraph 5 of the Klance Agreement for Services, this Court should enter a declaratory judgment holding that (1) at the time of the accident at issue Lon Muncrief was working, at least in part, in furtherance of Klance's performance of services under the Klance Agreement for Services; and (2) Klance must therefore defend and indemnify without reservation AEG Inc., its parent companies, subsidiaries, affiliates and employees, including but not limited to Barker and Litvag, from all of the losses,

liabilities, damages and/or expenses claimed in, arising from or incurred by virtue of the Muncrief lawsuit filed for the alleged wrongful death of Lon Muncrief.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.     Declaratory judgment determining that any and all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, and liabilities AEG Inc. and its subsidiary and parent companies and employees, including but not limited to Erik Barker and Joseph Litvag, may suffer or incur in the Muncrief lawsuit arose directly or indirectly out of or in connection with Klance's performance of the Services or the failure to perform the Services in accordance with the terms of the Klance Agreement for Services;

b.     Declaratory judgment determining that pursuant to Paragraph 5 of the Klance Agreement for Services, Klance must defend and indemnify without reservation Plaintiff and its subsidiary and parent companies and employees, including but not limited to Erik Barker and Joseph Litvag, from all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the Muncrief lawsuit;

c.     Award AEG Inc. its attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action to secure performance pursuant to the terms of the Klance Agreement for Services; and

d.     Award such other and further relief as this Court deems just and proper.

## Count II
### (Breach of Contract Against Klance for Failure to Defend and Indemnify)

63.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-62 as the allegations of this Paragraph 63.

12

64.     Plaintiff, as an affiliated and related entity to AEG Live Productions, is a third-party beneficiary to the Klance Agreement for Services and is entitled to defense and indemnity in the Muncrief lawsuit pursuant to Paragraph 5 of the Klance Agreement for Services.

65.     As a result of Klance's refusal to honor its obligation to defend and indemnify without reservation pursuant to Paragraph 5 of the Klance Agreement for Services, Klance is in breach of the Klance Agreement for Services.

66.     As a result of said breach, Plaintiff, a third-party beneficiary to the Klance Agreement for Services, has been harmed in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.      Judgment for all damages suffered by Plaintiff as a result of Klance's breach of the terms of the Klance Agreement for Services;

b.      Award AEG Inc. its attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action to secure performance pursuant to the terms of the Klance Agreement for Services; and

c.      such other and further relief as this Court deems just and proper.

## Count III
### (Declaratory Judgment Against DSS Regarding Obligation to Defend and Indemnify)

67.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 67.

68.     The DSS Agreement for Services provides DSS must defend and indemnify AEG Live Productions, its partners and affiliates, and their respective agents, representatives and employees "from and against any and all damages, claims, losses, demands, costs, expenses

13

(including attorneys, fees (sic) and costs), obligations, liens, liabilities, actions and causes of action…arising directly or indirectly out of or in connection with the performance of the Services or the failure of [DSS] to perform the Services in accordance with the terms of this Agreement…" (Exhibit D, ¶5).

69.     Upon information and belief, at the time of the accident at issue in the Muncrief lawsuit, Lon Muncrief was working to install pull points to be used to hoist DSS lighting equipment into positions directed and dictated by Klance.

70.     Thus, the injuries alleged in the Muncrief lawsuit, and any damages, losses, costs, fees and expenses incurred by AEG Inc. with regard thereto, arose out of or in connection with DSS's performance of the Services under the DSS Agreement for Services.

71.     DSS has denied that at the time of the accident at issue, Lon Muncrief was working directly or indirectly in furtherance of DSS's performance of the DSS Agreement for Services.

72.     Plaintiff AEG Inc., as an affiliated and related entity to AEG Live Productions, is a third-party beneficiary to the DSS Agreement for Services and is entitled to defense and indemnity in the Muncrief lawsuit pursuant to Paragraph 5 of the DSS Agreement for Services.

73.     AEG Inc. as a third-party beneficiary to the DSS Agreement for Services, on behalf of itself and its parent companies, subsidiaries, affiliates and employees, including Barker and Litvag, has demanded DSS defend and indemnify AEG Inc., Barker and Litvag for the Muncrief lawsuit.

74.     DSS has failed and refused AEG Inc.'s demands for defense and indemnity, on behalf of itself and its parent companies, subsidiaries, affiliates and employees, including Barker and Litvag, with respect to the Muncrief lawsuit.

14

75.     As a result of DSS's refusal to a abide by the terms of Paragraph 5 of the DSS Agreement for Services, this Court should enter a declaratory judgment holding that DSS must defend and indemnify AEG Inc., its parent companies, subsidiaries, affiliates and employees, including but not limited to Barker and Litvag, from all of the losses, liabilities, damages and/or expenses claimed in, arising from or incurred by virtue of the Muncrief lawsuit filed for the alleged wrongful death of Lon Muncrief.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.     Declaratory judgment determining that pursuant to Paragraph 5 of the DSS Agreement for Services, DSS must defend and indemnify without reservation Plaintiff and its subsidiary and parent companies and employees, including but not limited to Erik Barker and Joseph Litvag, from all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the Muncrief lawsuit;

b.     Declaratory judgment determining that pursuant to Paragraph 5 of the DSS Agreement for Services, DSS must defend and indemnify without reservation Plaintiff and its subsidiary and parent companies and employees, including but not limited to Erik Barker and Joseph Litvag, from all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the Muncrief lawsuit;

c.     Award AEG Inc. its attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action to secure performance pursuant to the terms of the DSS Agreement for Services; and

d.      Award such other and further relief as this Court deems just and proper.

## Count IV
### (Breach of Contract Against DSS for Failure to Defend and Indemnify)

76.      Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-53 and 67-75 as the allegations of this Paragraph 76.

77.      Plaintiff, as an affiliated and related entity to AEG Live Productions, is a third-party beneficiary to the DSS Agreement for Services and is entitled to defense and indemnity in the underlying Muncrief lawsuit pursuant to Paragraph 5 of the DSS Agreement for Services.

78.      As a result of DSS's refusal to honor its obligation to defend and indemnify without reservation pursuant to Paragraph 5 of the DSS Agreement for Services, DSS is in breach of the DSS Agreement for Services.

79.      As a result of said breach, Plaintiff, a third-party beneficiary to the DSS Agreement for Services, has been harmed in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.      Judgment for all damages suffered by Plaintiff as a result of DSS's breach of the terms of the DSS Agreement for Services;

b.      Award AEG Inc. its attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action to secure performance pursuant to the terms of the DSS Agreement for Services; and

c.      such other and further relief as this Court deems just and proper.

## Count V
### (Declaratory Judgment Against Travelers on the Klance CGL Policy)

80.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 80.

81.     Pursuant to Paragraph 6 of the Klance Agreement for Services, this Court should enter a declaratory judgment holding that AEG Inc., its parent companies, subsidiaries, affiliates and employees, including but not limited to Barker and Litvag, are additional insureds under the Klance CGL Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the Muncrief lawsuit, and that the limit of the Klance CGL Policy is $2,000,000 per occurrence.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.      Declaratory judgment determining that AEG Inc., its parent and subsidiary companies, its affiliates and employees, including but not limited to Barker and Litvag are additional insureds under the Klance CGL Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the underlying lawsuit filed by the Muncrief Plaintiffs;

b.      Declaratory judgment determining that the limit of Klance CGL Policy is $2,000,000 per occurrence as was required by Paragraph 6 of the Klance Agreement for Services; and

c.      Award such other and further relief as this Court deems just and proper.

## Count VI
## (Declaratory Judgment Against Torus on the Klance Excess Policy)

82.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 82.

83.     Pursuant to Paragraph 6 of the Klance Agreement for Services, this Court should enter a declaratory judgment holding that AEG Inc., its parent companies, subsidiaries, affiliates and employees, including but not limited to Barker and Litvag, are additional insureds under the Klance Excess Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the underlying lawsuit filed by the Muncrief Plaintiffs, and that the limit of the Klance Excess Policy is $5,000,000 per occurrence.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.     Declaratory judgment determining that AEG Inc., its parent and subsidiary companies and its affiliates and employees, including but not limited to Barker and Litvag, are additional insureds under the Klance Excess Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the Muncrief lawsuit;

b.     Declaratory judgment determining that the limit of the Klance Excess Policy is $5,000,000 per occurrence; and

c.     Award such other and further relief as this Court deems just and proper.

## Count VII
### (Breach of Contract Against Klance for Failure to Procure Insurance)

84.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 84.

85.     Paragraph 6 of the Klance Agreement for Services requires Klance to purchase and maintain commercial general liability insurance in the amounts of $2,000,000 per occurrence and naming AEG Inc. and its parent companies, subsidiaries, affiliates, officers, directors, representatives, employees, and subcontractors as additional insureds.

86.     As part of the Muncrief lawsuit, Klance has asserted the Travelers CGL Policy has a per occurrence limit of $2,000,000, and Travelers has asserted the Travelers CGL Policy has a per occurrence limit of $1,000,000.

87.     To the extent it may be determined that Klance did not purchase and maintain at all times relevant commercial general liability insurance in the amount of $2,000,000 per occurrence and naming AEG Inc. and its parent companies, subsidiaries, affiliates, officers, directors, representatives, employees, and subcontractors as additional insureds, Klance is in breach of Paragraph 6 of the Klance Agreement for Services.

88.     As a result of said breach, Plaintiff, a third-party beneficiary to the Klance Agreement for Services, has been harmed in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.     Judgment for all damages suffered by Plaintiff as a result of Klance's breach of the terms of the Klance Agreement for Services; and,

b.      Award AEG Inc. its attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action to secure performance pursuant to the terms of the Klance Agreement for Services; and

c.      Award such other and further relief as this Court deems just and proper.

### Count VIII
### (Declaratory Judgment Against Travelers on the DSS CGL Policy)

89.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 89.

90.     Pursuant to Paragraph 6 of the DSS Agreement for Services, this Court should enter a declaratory judgment holding that AEG Inc., its parent companies, subsidiaries, affiliates and employees, including but not limited to Barker and Litvag, are additional insureds under the DSS CGL Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the underlying lawsuit filed by the Muncrief Plaintiffs, and that the limit of the DSS CGL Policy is $2,000,000 per occurrence.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.      Declaratory judgment determining that AEG Inc., its parent and subsidiary companies, its affiliates and employees, including but not limited to Barker and Litvag are additional insureds under the DSS CGL Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the underlying lawsuit filed by the Muncrief Plaintiffs;

b.      Declaratory judgment determining that the limit of the DSS CGL Policy is $2,000,000 per occurrence as was required by Paragraph 6 of the DSS Agreement for Services; and

c.      Award such other and further relief as this Court deems just and proper.

### Count IX
### (Declaratory Judgment Against Travelers on the DSS Excess Policy)

91.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 91.

92.     Pursuant to Paragraph 6 of the DSS Agreement for Services, this Court should enter a declaratory judgment holding that AEG Inc., its parent companies, subsidiaries, affiliates and employees, including but not limited to Barker and Litvag, are additional insureds under the DSS Excess Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the underlying lawsuit filed by the Muncrief Plaintiffs, and that the limit of the DSS Excess Policy is $4,000,000 per occurrence.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.      Declaratory judgment determining that AEG Inc., its parent and subsidiary companies and its affiliates and employees, including but not limited to Barker and Litvag, are additional insureds under the DSS Excess Policy, which includes without limitation coverage for all damages, claims, losses, demands, costs, expenses (including attorneys' fees and costs), obligations, liens, or liabilities claimed in, arising from or incurred by virtue of the Muncrief lawsuit;

b.      Declaratory judgment determining that the limit of the Klance Excess Policy is $4,000,000 per occurrence; and

c.      Award such other and further relief as this Court deems just and proper.

### Count X
### (Breach of Contract Against DSS for Failure to Procure Insurance)

93.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-53 as the allegations of this Paragraph 93.

94.     Paragraph 6 of the DSS Agreement for Services requires DSS to purchase and maintain commercial general liability insurance in the amounts of $2,000,000 per occurrence and $5,000,000 in the aggregate and naming AEG Inc. and its parent companies, subsidiaries, affiliates, officers, directors, representatives, employees, and subcontractors as additional insureds.

95.     To the extent it may be determined that DSS did not purchase and maintain at all relevant times commercial general liability insurance in the amounts of $2,000,000 per occurrence and naming AEG Inc. and its parent companies, subsidiaries, affiliates, officers, directors, representatives, employees, and subcontractors as additional insureds, DSS is in breach of Paragraph 6 of the DSS Agreement for Services.

96.     As a result of said breach, Plaintiff, a third-party beneficiary to the DSS Agreement for Services, has been harmed in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Anschutz Entertainment Group, Inc., prays that this Court enter judgment in its favor and award relief as follows:

a.      Judgment for all damages suffered by Plaintiff as a result of DSS's breach of the terms of the DSS Agreement for Services;

      b.      Award AEG Inc. its attorneys' fees, costs, and expenses incurred in bringing and prosecuting this action to secure performance pursuant to the terms of the DSS Agreement for Services; and

      c.      Award such other and further relief as this Court deems just and proper.

WILLIAMS VENKER & SANDERS LLC

By:   */s/ Patrick I. Chavez*
      Theodore J. Williams, 24498MO
      Michael B. Hunter, 45097MO
      Lisa Larkin, 46796MO
      Patrick I. Chavez, 47732MO
      Bank of America Tower
      100 North Broadway, 21st Floor
      St. Louis, Missouri 63102
      314/345-5000
      314/345-5055 (FAX)
      twilliams@wvslaw.com
      mhunter@wvslaw.com
      llarkin@wvslaw.com
      pchavez@wvslaw.com

ATTORNEYS FOR PLAINTIFF
ANSCHUTZ ENTERTAINMENT GROUP, INC.